**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MICHAEL A. BRUZZONE, | No. 18-17293 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-01235-PJH |
| v. | |
| JAMES McMANIS; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| UNITED STATES OF AMERICA, | |
| Real-party-in-interest. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted November 18, 2019[**]

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Michael A. Bruzzone appeals pro se from the district court's judgment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his action, declaring him a vexatious litigant, and entering a pre-filing review order against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. Rule Civ. P. 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and on the basis of judicial immunity, *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987). We review for an abuse of discretion a pre-filing review order entered against a vexatious litigant. *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). We affirm.

The district court properly dismissed Bruzzone's claims against Judge Alsup as barred by judicial immunity because Judge Alsup's challenged actions were taken in his judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (discussing judicial immunity and its limited exceptions).

The district court properly dismissed Bruzzone's claims against McManis and Faulkner because Bruzzone failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

The district court did not abuse its discretion by declaring Bruzzone a

2                                                                    18-17293

vexatious litigant and entering a pre-filing review order against him because all of the requirements for entering a pre-filing review order were met. *See Ringgold-Lockhart*, 761 F.3d at 1062 (setting forth requirements for pre-filing review orders).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**